```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                     SOUTHERN DIVISION
                      No. 7:15-CR-2-1H
                      No. 7:18-CV-115-H
```

| | |
|---|---|
| SHAWN SCHENCK,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | **ORDER** |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #402]. The government filed a motion to dismiss, [DE #407], to which petitioner responded, [DE #412]. This matter is ripe for adjudication.

### BACKGROUND

On May 11, 2015, petitioner pled guilty, pursuant to a written plea agreement to a superseding criminal information, to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), (Count One).[1] On May 11, 2016, petitioner was sentenced to a total term of imprisonment of 276 months. Petitioner appealed, [DE #354 and #357 and #358], and the Fourth Circuit Court of Appeals dismissed in part and affirmed in part. [DE #383].

---

[1] Petitioner filed a motion to withdraw his guilty plea, [DE #347], and a motion to dismiss the second superseding indictment, [DE #349], which motions were denied and deemed moot, respectively, at the sentencing hearing. [DE #369 at 3-11, 13].

Petitioner filed a petition for writ of certiorari which was denied by the Supreme Court of the United States on June 26, 2017. [Case No. 16-9221].

Petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on June 25, 2018, [DE #402], arguing (1) ineffective assistance of counsel, [DE #402 at 4; #402 at 8; #402-1 at 2]; (2) involuntary guilty plea, [DE #402-1 at 2]; (3) an agent gave false testimony during his grand jury testimony, [DE #402 at 7; DE #402-1 at 2]; and (4) prosecutorial misconduct, [DE #402 at 5]. Petitioner also requests an evidentiary hearing. [DE #402-1 at 7].

## COURT'S DISCUSSION

I. Ineffective Assistance of Counsel

   i. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v.

2

Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).

### ii. Analysis

Petitioner contends counsel rendered ineffective assistance due to counsel's (1) withdrawal based upon a conflict of interest, [DE #402 at 8]; (2) failure to investigate the government's audio and video evidence, [DE #402 at 2]; (3) failure to file motions for "evidentiary hearings," including failing to mention that the government's informant was supplying drugs to individuals indicted in the case, [DE #402 at 4, #402-1 at 2]; and (4) misadvising

3

Case 7:15-cr-00002-H   Document 423   Filed 07/16/20   Page 3 of 15

petitioner resulting in the entry of an involuntary guilty plea, [DE #412 at 2-3].

A. Conflict of Interest

Petitioner contends that counsel withdrew after petitioner informed counsel that he wanted a "motion for evidentiary hearing" to be filed due to receiving additional discovery showing the confidential informant was providing drugs to petitioner's co-conspirators. [DE #402 at 8]. Petitioner contends counsel informed petitioner that he would receive forty-five (45) years in custody if he went to trial due to multiple 924(c) counts. Petitioner also contends counsel failed to review the government's video claiming that petitioner sold three grams of heroin. Petitioner finally contends that counsel, prior to withdrawing, asked petitioner if he would like to withdraw his guilty plea based on the fact that the confidential informant had been supplying a co-defendant with narcotics. [DE #402-1 at 2].

Petitioner's central argument is that the withdrawal of counsel "after misleading him into a damning guilty plea but prior to sentencing simply adds fuel to the fire of his observation that she turned tail and left without explanation and warning, citing a 'conflict,' in a generic letter to the Court but never explaining herself in detail to [petitioner]." [DE #412 at 3]. However, to the contrary, counsel moved to withdraw on the basis that continued

4

representation would create a conflict of interest. [DE #302].
Additionally, and as discussed more fully herein, the court noted
at sentencing that the guilty plea to which petitioner pled
significantly reduced his sentencing exposure. [DE #369 at 4-5].
Petitioner has not presented evidence in support of his argument
that the conflict of interest resulting in counsel's withdrawal
prejudiced defendant. This argument is without merit.

### B. Failure to Investigate and Failure to File Motion for Evidentiary Hearing

Petitioner contends that counsel did not actually review the video from the government and failed to ask for it. [DE #402 at 4; DE #402-1 at 2-3]. Additionally, petitioner contends counsel failed to follow-up on the concerns of petitioner regarding text messages of the confidential informant, which implicated the confidential informant in the sale of drugs to a co-defendant of petitioner. [DE #402-1 at 3]. Petitioner contends this discovery was withheld from him until seven months after his guilty plea and that he was prejudiced by counsel's failure to convene evidentiary hearings or act in any other way upon the belatedly disclosed evidence that called into question the validity of the confidential informant. [DE #402-1 at 4; DE #402-2 at 2-4]. Petitioner also contends counsel "failed to mention that I was incarcerated in Bledsoe County at the beginning of January 2014 until April 2014

5

which would have contradicted the government's claim that the investigation started in the beginning of 2014." [DE #402 at 4].

Petitioner was charged in Counts Two and Eight of Indictment and the Superseding Indictment with two separate offenses in violation of 18 U.S.C. § 924(c) that also charged aiding and abetting in violation of 18 U.S.C. § 2. Therefore, video evidence of his personal possession was not required to support an aiding and abetting conviction. Petitioner has not shown how counsel's performance fell below the standard of reasonably effective assistance with regard to the existence of text messages showing that the confidential informant allegedly showed drugs to a co-defendant. Additionally, petitioner's criminal conduct is outlined in the offense conduct section of the PSR, occurring in specific detail in the latter half of 2014, when he was not incarcerated. Therefore, petitioner has not shown that counsel's assistance fell below the standard of reasonably effective assistance, and the court need not reach the prejudice prong. Strickland, 466 U.S. at 687-91.

    C. Failure to Advise Reasonably at Entry of Guilty Plea

Petitioner contends that he "pled guilty because his counsel misled him into believing his crimes met the high bar set in a statute designed for criminal kingpins, and because he believed he had no other choice but to sign given that incorrect assessment."

6

[DE #412 at 3]. Specifically, petitioner contends counsel misadvised him about video evidence the government had regarding defendant's gun possession and about the evidence required to support the fifth element of the continuing criminal enterprise charge. As to prejudice, petitioner contends that but-for the bad advice of counsel as to the ability of the government to prove the fifth element of the charge of continuing criminal enterprise, he would not have pled guilty to the CCE charge. [DE #412 at 2].

i. Video Evidence of Gun Possession

Petitioner contends counsel told him "that he was on video holding a firearm and that if he were to proceed to trial, his co-conspirators would testify that he possessed a firearm, and that the multiple § 924(c) violations would result in [petitioner] facing a minimum of forty-five (45) years in prison." [DE #402-at 5]. Petitioner contends he "learned belatedly, the [g]overnment never produced video recordings related to any alleged possession by [petitioner] of firearms in relation to drug trafficking, most likely because such evidence did not exist despite the representations of [petitioner's counsel]." [DE #402-1 at 4].

Petitioner's argument fails because his charged firearm offenses were based upon a theory of aiding and abetting as discussed supra. Therefore, his personal possession of a firearm is not dispositive. Additionally, petitioner has not shown

7

prejudice as his criminal continuing enterprise charge was based upon his drug trafficking violations pursuant to 21 U.S.C. §§ 841, 843, and 846, not upon firearm possession. Therefore, this argument is without merit.

ii. Evidence to Support the Fifth Element

The five elements of a conviction under 21 U.S.C. § 848 include

> (1) defendant committed a felony violation of the federal drug laws; (2) such violation was part of a continuing series of violations of the drug laws; (3) the series of violations were undertaken by defendant in concert with five or more persons; (4) defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and (5) defendant derived substantial income or resources from the continuing series of violations.

United States v. Ricks, 882 F.2d 885, 890-91 (4th Cir. 1989) (citing 21 U.S.C. § 848; United States v. Rhodes, 779 F.2d 1019, 1024 (4th Cir. 1985)).

While petitioner contends counsel erred in advising him that the government had sufficient proof to support the fifth element of the continuing criminal enterprise, that defendant derived substantial income or resources from the continuing series of violations, petitioner has not shown that counsel's performance fell below the standard of reasonably effective assistance. Petitioner specifically contends "the record makes plain that

[petitioner] had no substantial income or any other material gain from criminal activities." [DE #402-1 at 4]. Petitioner contends the government "did not present any evidence of substantial wealth or outward displays of such wealth by petitioner." Id. Petitioner also contends the government "did not present any evidence of [petitioner] possessing or distributing large quantities of illegal drugs or large payments to other individuals working for him as a part of the alleged continuing criminal enterprise." Id. Petitioner adds, "the [g]overnment did not present a scintilla of evidence of any seizure of large quantities of drugs or cash." Id. Petitioner, in his response to the government, contends "[h]e did not reside in mansions paid for in narco dollars. He did not own high-end cars fitted out with secret traps for transporting large quantities of illegal drugs." [DE #412 at 1]. Petitioner additionally stated, "[t]here were no yachts, no swimming pools, no walk-in closets full of expensive suits, no planes for running dope into the country." Id. at 1-2. Petitioner finally noted, "his criminal activities, as well as those of his associates, did not generate a tremendous amount of income." Id. at 1.[2]

However, the government contended in its factual basis at petitioner's Rule 11 hearing that petitioner's lack of filing

---

[2] The court notes as to his argument that he was not the large-scale drug dealer making substantial amounts of money that should be prosecuted as a kingpin, counsel for petitioner actually filed a sentencing memorandum regarding continuing criminal enterprise charges and the comparatively lower drug weight in petitioner's case to other convictions within the circuit. [DE #294 at 3].

9

income taxes in North Carolina and lack of filing income taxes since 2005 in New Jersey, as well as his lack of any legitimate income support the fifth element. [DE #333 at 28 and DE #369 at 8-9]; See United States v. Torres Laranega, 476 F.3d 1148, 1160-61 (10th Cir. 2007) (substantial income can be proven circumstantially through lack of legitimate income and assets). Additionally, the court notes no employment was reported for petitioner between 2011 and his detention in 2014. [DE #243 at ¶¶ 63, 64]. The government also noted at the hearing on petitioner's motion to withdraw his guilty plea that "everyone in this gang who was selling their drugs reported to [petitioner], and he is the one who in fact collected the dues for the gang." [DE #369 at 9].

Even if the court were to consider counsel's performance fell below a standard of reasonably effective assistance, petitioner has not shown prejudice. Under the indictment filed January 7, 2015, petitioner faced a minimum penalty of forty-five years in custody for charges including continuing criminal enterprise, violations of 18 U.S.C. § 924(c) and additional drug charges. Under the superseding indictment filed on April 8, 2015, petitioner faced the same. Petitioner pled guilty to a criminal information on May 11, 2015 to one count of continuing criminal enterprise, reducing his sentencing exposure to a minimum of twenty years. As stated supra, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's

10

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In light of the significant reduction in sentencing exposure under the criminal information, petitioner has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Petitioner has failed to allege facts showing prejudice regarding counsel's performance. Therefore, petitioner's claim is without merit.

**II. Involuntarily Entered Guilty Plea**

Petitioner contends his guilty plea was not made knowingly and voluntarily as he did not understand that the government could not support the fifth element of his continuing criminal enterprise conviction. [DE #402-1 at 2]. He contends he "ple[d] guilty voluntarily, yes, but only because he had been misinformed by his counsel about the level of proof necessary to meet the fifth prong of the [continuing criminal enterprise] charge." [DE #412 at 3].

Petitioner also argued on appeal that his guilty plea was not supported by a sufficient factual basis and that the court erred in denying his motion to withdraw his plea. [DE #383 at 2]. The Fourth Circuit evaluated the proceedings pursuant to Fed. R. Crim. P. 11 and found "the district court properly ensured that Schenck's guilty plea was knowing, voluntary, and supported by a sufficient factual basis." [DE #383 at 3]. A petitioner may not use a

11

section 2255 motion to attack collaterally a question or issue already decided on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (prohibiting a petitioner from raising issues in a § 2255 motion that had previously been raised on appeal) (citing Herman v. United States, 227 F.2d 332 (4th Cir. 1955)); see also United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) ("[Petitioner] may not circumvent a proper ruling on his Booker challenge on direct appeal by re-raising the same challenge in a § 2255 motion.") (citations omitted). Therefore, this argument is without merit.

### III. Perjury Committed by Federal Agent During Grand Jury Testimony

Petitioner contends that a federal agent committed perjury during grand jury testimony when he stated under oath that petitioner possessed a firearm that the confidential informant had in the trunk of his vehicle "while at the staging area with Federal and Local and Authorities." [DE #402 at 7]. Petitioner contends that this offense was contradicted by the government. [DE #402 at 7]. Petitioner also contends the agent committed perjury when he "stated that there was video/audio of a 3 gram heroin transaction between [petitioner] and their paid informant." [DE #402-1 at 6]. Petitioner contends that with respect to the alleged heroin sold on November 24, 2014, the agent committed perjury when he stated it was field-tested positive for heroin, as it was later determined

12

to be methamphetamine. [DE #402-1 at 6]. Petitioner contends he was indicted based upon perjured testimony.

Without making a finding on petitioner's accusations against the federal agent, petitioner entered a guilty plea not to the complaint, indictment, superseding indictment, or second superseding indictment, but rather to a criminal information. This court found upon consideration of petitioner's motion to dismiss the second superseding indictment, that the motion was moot in light of his plea to a criminal information. Petitioner's third claim fails to the extent that he pled guilty pursuant to a criminal information.

## IV. Prosecutorial Misconduct

Petitioner contends the government falsified evidence claiming that he was on video with a firearm and then contradicted their own false claim at the arraignment when counsel for the government stated petitioner's co-defendants "have said Mr. Schenck never actually held a gun himself." [DE #402 at 5]. The court notes counsel for the government at petitioner's Rule 11 hearing stated that petitioner "himself never actually possessed a firearm," [DE #333 at 29], and notes the aiding and abetting discussion herein. Additionally, and similar to his argument discussed supra, petitioner claims the government withheld evidence that its informant was the one providing drugs to individuals named in the indictment until almost seven months after

13

all individuals pled guilty. [DE #402 at 5]. Finally, petitioner argues he was not a kingpin of the sort that should be charged with a continuing criminal enterprise.

Petitioner has presented no evidence in support of his allegations that the government falsified evidence; withheld evidence; or otherwise committed misconduct in its prosecution of petitioner. Therefore, this claim is without merit.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #407], is hereby GRANTED, and petitioner's motion to vacate, [DE #402], is hereby DISMISSED. The court denies petitioner's request for an evidentiary hearing as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 15th day of July 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35